ELDON G. OSBORN,                                )
                                                )
             Plaintiff,                         )
                                                )
    v.                                          )        No. 1:19-cv-203-HEA
                                                )
DUNKLIN COUNTY, et al.,                         )
                                                )
             Defendants.                        )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Eldon G. Osborn, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information therein, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.50. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff avers that the State deposits $7.50 per month to his account, but a corrections center then debits him $2.50, leaving him with $5. Based upon the information plaintiff has provided, the Court has determined to assess an initial partial filing fee of $1.50, which is twenty percent of plaintiff's stated average monthly deposit. Any claim that plaintiff is unable to pay this amount must be supported by a certified inmate account statement detailing his account for the preceding six months.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts

which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364

F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those

who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against "Dunklin County, et al."

He states he sues the defendants in their individual capacities. Throughout the complaint,

plaintiff's allegations are conclusory and most often incomprehensible. For example, he writes:

> Defendants Dunklin County severly "County" and held establish municipal liability
> for all government employees and coworkers of "Dunklin County" severly False
> Imprisonment also severly Discrimination and picking with Plaintiff Osborn, Eldon
> because of my (pass) history and put false allegation and false change on Plaintiff
> for no reason on appropriate date 8/28/2018 and prosecuting attorney Jeffrey D.
> McCormick think case severly he under "immunity" he can go on fully aware his
> misconduct and unprofessional actions cruel and unusual punishment also cruel
> actions . . . [*sic*]

> Defendants Dunklin County severly "county" and will be held establish municipal
> liability and failure to train or supervise there employees coworkers also
> government employees etc of Dunklin County and Jeffrey D. McCormick . . . and
> they think since under "immunity" they can get away with violating constitutional
> amendments Fifth, Sixth, Fourteenth Amendments of United States Constitution . .
> . [*sic*]

(ECF No. 1 at 4-5). The complaint continues in this manner. Additionally, plaintiff's handwriting

is very difficult to read, as it appears he has traced over each letter multiple times.

### Discussion

As pleaded, the complaint fails to state any plausible claims for relief because it contains

nothing more than repetitive and conclusory statements that plaintiff's federally-protected rights

were violated. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements"). In consideration of plaintiff's *pro se* status, the Court will allow him to file an amended complaint.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must <u>type or very neatly print</u> the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more

than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each named defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each defendant, so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 3rd  day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE